

FILED
CLERK, U.S. DISTRICT COURT

JUN 11 2024

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANZELL ELLIS-STRONG,<br><br>Defendant. | Case No.  CR 20-486-FMO<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On June 11, 2024. Defendant Denzell Ellis-Strong made his initial appearance on the petition for revocation of supervised release and warrant for arrest issued on May 6, 2022. Deputy Federal Public Defender, ("DFPD"), Iboh Umodu, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Diane Roldan.  Defendant submitted on the recommendation of detention in the report prepared by Probation and Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that Defendant failed to comply with supervised release conditions by failing to report to his probation officer and failing to confirm a change in his residence, and that his whereabouts were unknown.
>
> ☒ Defendant was arrested on June 3, 2024 for second degree robbery and possession of a controlled substance.
>
> ☒ Defendant is unemployed, homeless and does not have any bail resources.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (see above);
>
> ☒ criminal history includes convictions for possession of controlled substances, second degree robbery, providing false identification to peace officer, resisting peace officer, property damage, theft of property, and driving under the influence, in addition to numerous law enforcement contacts.

## III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: June 11, 2024

/s/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
